618 So.2d 757 (1993)
Deborah A. GALLAGHER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1409.
District Court of Appeal of Florida, Fourth District.
May 5, 1993.
Rehearing and/or Certification Denied; Rehearing Denied June 9, 1993.
Richard L. Allen of Wallace, Engels, Pertnoy, Solowsky & Allen, P.A., Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and/or Certification Denied; Rehearing En Banc Denied June 9, 1993.
PER CURIAM.
AFFIRMED.
GUNTHER, J., and WALDEN, JAMES H., Associate Judge, concur.
GLICKSTEIN, C.J., dissents with opinion.
GLICKSTEIN, Chief Judge, dissenting.
I would reverse the trial court's denial of appellant's sworn motion to dismiss and remand with direction to grant same.
Appellant was serving as a public service aide for a local law enforcement agency and was authorized to use the agency's computer for official business. Out of curiosity, she also used the computer to check if her boyfriend had a criminal record. It turned out there was a warrant for his arrest, which she did not disclose to her superiors. Appellant resigned shortly thereafter at the agency's request.
Appellant argues that her conviction under section 815.06, Florida Statutes (1991), which criminally sanctions a person who accesses a computer system willfully, knowingly and without authorization, is inappropriate because the undisputed facts set forth in her sworn motion to dismiss, which were admitted by the state in its traverse, establish that appellant had authority to access the Sunrise Police Department's NCIC/FCIC system on the day at issue. Appellant distinguishes operating a computer system without authorization from exceeding authorized access by using the computer in an improper manner, for personal reasons, or in violation of the department's policies, as appellant did in the instant case.
There is no relevant precedent interpreting said statute to ascertain what the Florida legislature meant by "unauthorized access." Consequently, appellant argues that this court should rely on the federal statute on point to guide its determination of whether "exceeding one's authorized use" is proscribed by section 815.06 as "unauthorized access." Appellant correctly argues that both the federal statute and its Florida counterpart regulate access of computer systems without proper authorization. Section 815.06(1), Florida Statutes (1991), provides that:

*758 (1) Whoever willfully, knowingly, and without authorization accesses or causes to be accessed any computer, computer system ... commits an offense against computer users.
Similarly, 18 U.S.C.A. § 1030(a)(3) (1992), provides that:
(a) Whoever 
... .
(3) intentionally, without authorization to access any computer of a department or agency of the United States, accesses such a computer of that department or agency that is exclusively for the use of the Government of the United States or, in the case of a computer not exclusively for such use, is used by or for the Government of the United States and such conduct affects the use of the Government's operation of such computer;
shall be punished as provided in subsection (c) of this section.
Moreover, appellant points to the legislative history of the federal statute, where the United States Congress specifically expressed that an employee's exceeding authorized access, while technically wrong, does not warrant criminal sanctions because administrative sanctions are more appropriate. See S.Rep. No. 432, 99th Cong., 2d Sess. 7 (1986), reprinted in 1986 U.S.C.C.A.N. 2479, 2485. I agree with appellant's argument that this court should adopt the same view when interpreting section 815.06 and determine that her conduct should not be punished by criminal means. Administrative sanctions, such as firing appellant, seem more appropriate in the instant case in that appellant was a public employee who merely exceeded her authorization by inputting her boyfriend's name into the computer. The legislature prohibited "access," not "use." It is free to change the statute.